# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Sunshine Heifers, LLC,　　　　　　　　　　　　Case No. 3:18CV1961

　　　　Plaintiff

　　　　v.　　　　　　　　　　　　　　　　　　**ORDER**

C&K Family Farm, LLC, et al.,

　　　　Defendant

　　　　This case involves a contract by which the plaintiff, Sunshine Heifers, LLC (Sunshine), leased fifty-two dairy cows to the defendant, C&K Family Farms (C&K). In response to Sunshine's claim to recover on the contract, C&K has, *inter alia,* brought a counter-claim, asserting that the cows were diseased, incapable of being milked, and produced diseased offspring with the same inability. On that basis, C&K claims fraudulent inducement on Sunshine's part.

　　　　Pending is Sunshine's Fed. R. Civ. P. 12(b)(6) motion to dismiss the counter-claim for failure to state a claim under *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and Fed. R. Civ. P. 9(b). (Doc. 13).

　　　　I agree that the counter-claim fails to meet the pleading requirements of both *Twombly/Iqbal* and Rule 9(b). Instead of dismissing the counter-claim with prejudice, however, I will do so without prejudice, and grant defendant leave to file an amended counter-claim.

## Discussion

　　　　The major flaw in the the counter-claim is that, of its twenty-one numbered paragraphs, eleven, including nearly all that purport to state the factual basis of defendant's counter-claim,

are pled "on information and belief." (Doc. 12, PageID 76-77). In *Twombly*, *supra*, 550 U.S. at 551, the Supreme Court pointed out the insufficiency of alleging participation in a conspiracy on information and belief.

The Sixth Circuit agrees, stating in *Southfield L.P. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013), that claims of framed pled on information and belief "are precisely the kinds of conclusory allegations that *Iqbal* and *Twombly* condemned and thus told us to ignore when evaluating a complaint's sufficiency. . . . . These naked assertions devoid of further factual enhancement contribute nothing to the sufficiency of the complaint." *Accord, e.g., Doe v. University of Dayton*, --- F. App'x ---, 2019 WL 1224606 (6th Cir. 2019).

Simply put, "[t]he mere fact that someone believes something to be true does not create a plausible inference that it is true." *In re Darvocet, Darvon, & Propoxyphene Prods. Liability Litig.*, 756 F.3d 917, 931 (6th Cir. 2014).

That the gravamen of defendant's counter-claim is fraud in the inducement increases the feebleness of its ability to withstand plaintiff's motion to dismiss.

In *Brotman v. State Government Leadership Foundation*, 2019 WL 234570, *8–9 (E.D. Tenn. 2019), the plaintiff, as here, alleged fraud in the inducement. In part, he asserted his claim on information and belief. Though one paragraph included that phrasing, that paragraph contained a crucial element of the claim: it referenced a third party whose anticipated involvement was part of defendant's alleged overall inducement to involve plaintiff in the underlying transaction.

Even such relatively slight use information was the basis for the court's decision under Rule 9(b) to grant the defendant's motion to dismiss. *See also U.S. ex rel. Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439, 446 (6th Cir. 2008) (pleading in *qui tam* action on information and belief

that defendant had submitted false claims insufficient); *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 875–78 (6th Cir. 2006) (same).

Moreover, and more precisely and comprehensively, the Sixth Circuit stated in *Ross v. PennyMac Loan Services LLC*, --- F.3d ---, 2019 WL 211390, *3 (6th Cir. 2019), that what Rule 9(b) requires are "facts such as: the nature of the allegedly fraudulent statements, how plaintiff had knowledge of the alleged falsity, who made the allegedly fraudulent statements on plaintiff's behalf, where the allegedly fraudulent statements were made, or when the allegedly fraudulent statements were made."

Where a party's fraud claim, as here, references omissions, the complaint must state, in addition to who made any oral misrepresentations, who was responsible for disclosing the true fact. *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006). The court in *Sanderson* also stated that where, as here, a party alleges failure to disclose the truth, the party must state who was responsible for making truthful disclosures. *Id.*

The counterclaim contains none of the information that Rule 9(b) requires with enough particularity to meet Rule 9(b)'s requirements.

At most, it alleges that the plaintiff knew the cows were diseased and incapable of being milked or producing milk-producing offspring. But the complaint does not say who may have concealed that knowledge. Nor does it state when such person(s) did know, or would or should have known, the cattle were diseased. Nor does it tell us when C&K itself first knew the cows were diseased, and why or how the gestation period would have predated their arrival on their farm. Nor does it explain why and when the C&K signed the acceptance certificate, which stated that the cows were in good health. The counter-claim does not allege that the nature of the disease was such that the plaintiff would have known of it at the time of delivery, but the

defendant did not know, and could not have known then, or just how that was or would have been so.

Some or all of these appear to be matters of fact as to which the defendant may presently be able to assert with greater specificity than mere "information and belief." To the extent that they are, Rule 9(b), *Twombly/Iqbal* and Sixth Circuit precedent require its inclusion in the counter-complaint.

## Conclusion

In *Top Gun*, Charlie (Kelly McGillis) saw "some real genius" in Maverick's (Tom Cruise) flying. Though hardly enamored, much less convinced to that extreme degree of certainty, I see some possible merit in defendant's counter-claim.

It seems there is likely no dispute that the cattle were diseased. The questions thus are when did that condition arise and when and by whom did it, or would or should have it first become known. These facts appear to be sufficiently ascertainable to some greater or lesser extent to enable more informative pleading than on "information and belief."

That being so – though it remains to be seen - I decline to grant the plaintiff's motion to dismiss with prejudice. Instead, I will grant the defendant leave to file an amended complaint.

It is, accordingly, hereby

ORDERED THAT:

1. Plaintiff's motion to dismiss (Doc. 13) be, and the same hereby is granted, without prejudice;
2. Leave be, and the same hereby is granted to defendant to file an amended counter-claim within thirty days of this order;
3. Upon such filing, the Clerk shall forthwith set a status/scheduling conference; and

4. Not later than ten days before the date of that conference, the parties shall file status reports and proposed timetable(s) for completion of discovery, including expert discovery, dispositive motions, and such other matters as they desire to discuss.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge